POLLAK, District Judge,
dissenting.
The majority holds that documents exchanged between the parties do not plausibly support the assertion that an agreement had been reached because whether “an agreement had been reached ... is a legal assertion, not a factual one, which the District Court properly ignored.” Maj. Op. at-(citing Ashcroft v. Iqbal, — U.S.-,-, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, Twombly and Iqbal prohibit courts only from crediting a complaint’s “[tjhreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements.” Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570, 127 S.Ct. 1955). Far from simply making a threadbare recital of the elements of a breach of contract claim, the complaint here referenced multiple documents in which both parties referred to an “agreement,” and it made factual recitals of the actions that both parties took in reliance upon that agreement.
Accordingly, I respectfully dissent.